**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **TERESA SHOBNEY,**       ) | |
|                   ) | |
|     **Plaintiff,**          ) | |
| **v.**                       ) | **CIVIL ACTION** |
|                   ) | **NO. 3:21-CV-00187** |
| **MERRICK GARLAND, Attorney General**   ) | |
| **DEPARTMENT OF JUSTICE,**      ) | |
|                   ) | |
|     **Defendant.**        ) | |

## *COMPLAINT*

### *Introduction*

1.    This is a complaint for damages, declaratory and injunctive relief authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e et seq. ("Title VII").

2.    This lawsuit is brought to prevent Defendant, MERRICK GARLAND, ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq. ("Title VII"), from maintaining a policy, practice, custom or usage of discriminating against, Plaintiff, TERESA SHOBNEY, in regard to terms, conditions and privileges of employment, and for damages, and other equitable relief for Plaintiff, TERESA SHOBNEY, who has been discriminated against by Defendant on the basis of reprisal (prior EEO Activity).

### *Jury Demand*

3.    A jury is hereby demanded.

## *Jurisdiction and Venue*

4.      This action is brought for a declaratory judgment, injunctive relief and compensatory damages, pursuant to 42 U.S.C. Section 1983, 20 U.S.C. Sections 1681-1688, 28 U.S.C. Sections 2201 and 2202.  This Court has jurisdiction to hear the Plaintiff's claims pursuant to 28 U.S.C. Sections 1331, 1343(3) and (4) 1337 and 42 U.S.C. 2000e-5(f) [Section 706(f)(s) and (3) and 704(a) of Title VII].

5.      Venue is proper in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. Section 1391(b) as El Paso County, Texas is the county where the Defendant operates the MERRICK GARLAND, ATTORNEY GENERAL, DEPARTMENT OF JUSTICE, Plaintiff's employer.  Further, all actions complained of herein occurred within the El Paso County, Texas.

## *Parties*

6.      **TERESA SHOBNEY** is a female citizen of the United States and a resident of the City of El Paso, El Paso County, Texas.

7.      Plaintiff is employed by the Defendant, MERRICK GARLAND, ATTORNEY GENERAL, DEPARTMENT OF JUSTICE.  The Defendant maintains and administers records relevant to its employment practices.  Service of process may be made upon the United States Attorney for the Western District of Texas, and the United States Attorney General, Department of Justice, by registered or certified mail, pursuant to the Federal Rules of Civil Procedure (Rules 4(I)(1)(A), (B) & (C)).

8.      Defendant is an employer within the meaning of 42 U.S.C. 2000e, et seq., ("Title VII").

## *Exhaustion of Remedies*

9.      Plaintiff filed a formal complaint of discrimination.  Such filing was within at least 45 days of the last act of which he complained.  Plaintiff's formal complaint alleged denial of Plaintiff's

rights, by Defendant, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., as amended by the Civil Rights Act of 1991.  Specifically, TERESA SHOBNEY alleges that she was discriminated against because of her prior EEO Activity.

10.     All conditions precedent to the filing of the lawsuit has been met.

*Factual Allegations*

11.     Administrative Judge Seth stated in her order that Plaintiff filed an action in federal court on the same issues as in Plaintiff's administrative EEO Complaint and dismissed her EEO complaint. However, the Plaintiff filed a motion to leave [19] in case 3:17-CV-00234-DCG to file her Amended Complaint to remove the EEO claim 451-2015-00002X (FBI-2013-00238), and was granted on May 15, 2018, via Text Order GRANTING [19], and the Amended Complaint was accepted.  The Administrative Judge was notified that Plaintiff's claim in federal court was removed and requested that it be heard by the Administrative Judge.

12.     However, this case was wrongfully dismissed by the EEC Administrative Judge Devika Seth on March 25, 2021.

13.     The Agency issued its Final Agency Decision on May 18, 2021.

**Agency No. FBI-2013-00238**

14.     Plaintiff was discriminated against based on reprisal for prior EEO activity and was threatened with possible disciplinary action after reading a Responsible Management Official's Signed Sworn Statement in her Report of Investigation ("ROI").

15.     Plaintiff entered on duty with the FBI on March 14, 2010 as the Auditor in the El Paso Division.  Plaintiff first engaged in the EEO process in a previous EEO matter in July 2012 when she made her first contact with an EEO Counselor. For this EEO matter, Plaintiff first made contact with an EEO Counselor in September 2013.

16.     In Plaintiff's previous EEO matter, she filed an EEO complaint (1st EEO) that she had been discriminated against and subjected to a hostile work environment from January 2011 until May 2012 based on her sex and age. During the course of the investigation into that matter, the investigator interviewed former Special Agent in Charge (SAC) of the El Paso, Mark Morgan. In that interview, and in the signed sworn statement former SAC Morgan provided, he belittled Plaintiff with insulting and condescending comments . Former SAC Morgan's statement encompassed 53 pages, which was overkill and overwhelming, and vindictive towards Plaintiff. Most importantly, and significantly, near the end of his 53 page statement, SAC Morgan stated he believed that Plaintiff had violated the FBI's Standards of Conduct, and threatened Plaintiff with disciplinary action. Former SAC Morgan went on to list what he felt were several specific violations of the FBI'S Standards of Conduct. Among other allegations, he accused Plaintiff of providing false information in Plaintiff's signed sworn statement.  Former SAC Morgan provided that information in an attempt to intimidate Plaintiff from utilizing the EEO process by threatening an internal investigation against Plaintiff.

17.     After Plaintiff received the Report of Investigation, she was presented with an election, of requesting a hearing before an EEOC Administrative Judge, or of having the matter decided by the Complaints Adjudication Office (CAO) of the Department of Justice. Former SAC Morgan made his threats to intimidate Plaintiff from electing to request a hearing in which her allegations would be heard openly. Former SAC Morgan was attempting to prevent Plaintiff from fully utilizing the EEO process, specifically the hearing before an outside agency.  Former SAC Morgan wanted Plaintiff to back off and stop the EEO process.

18.     In this matter, as corrective action, because former SAC Morgan has accused Plaintiff of providing false information in Plaintiff's previous EEO matter.

## *COUNT ONE*
### *TITLE VII VIOLATION – RETALIATION*

19.     The Plaintiff realleges paragraphs 1-20 as if fully set forth herein.

20.     Defendant retaliated against Plaintiff, Plaintiff since it engaged in reprisal and retaliation in violation of Title VII of the Civil Rights Act.  Specifically, Plaintiff, Plaintiff suffered adverse employment consequences as a direct result of her participation or assistance in the EEO process, and/or for opposing discriminatory practices of the employer in good faith.  As a direct and proximate result of these actions, Plaintiff, Plaintiff suffered retaliation and reprisal.

21.     By reason of the Defendant's actions, Plaintiff, Plaintiff found it necessary to retain the services of an attorney in these proceedings and heretofore and is therefore entitled to attorney's fees pursuant to Title VII and under the general equity Powers of the Court.

        WHEREFORE, Plaintiff respectfully requests:

        a.      A declaratory judgment, declaring Defendant's acts, through the acts of its agents, employees and successors, herein complained of to be in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

        b.      Compensatory damages against the Defendant for each violation of Plaintiff's rights, as protected by Title VII and, for pain, suffering, emotional distress, humiliation and for any resulting physical and emotional damages, in the amount of $300,000.00;

        c.      Attorney's fees, court costs, prejudgment and post judgment interest as provided by law including Title VII; and

        d.      Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

### The Law Office of Enrique Lopez
701 N. St. Vrain Street
El Paso, Texas 79902
Telephone: (915) 351-0595
Facsimile: (915) 534-7207

By: /s/ Enrique Lopez
    ENRIQUE LOPEZ
    State Bar No.: 12563530

Attorney for Plaintiff

Page 6